UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| DAVID NEAL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:21-CV-171-TAV-HBG |
| | ) | 3:14-CR-88-TAV-HBG-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

This action is before the Court on petitioner's pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. 1].[1] The government filed a response [Doc. 8].[2] Petitioner has not filed a reply, and the time for filing a reply has expired [*See* Doc. 4 (citing Rule 5(d) of the Rules Governing Section 2255 Proceedings)]. This motion is now ripe for resolution. Based on the record before the Court, it appears that petitioner is not entitled to relief; therefore, it is not necessary to hold an evidentiary hearing.[3] Accordingly, petitioner's motion [Doc. 1] will be **DENIED**.

---

[1] Citations in this opinion refer to petitioner's civil case unless otherwise noted. *But see infra* note 4.

[2] Petitioner argues the government failed to timely respond to petitioner's motion and therefore has conceded the merits of petitioner's motion [Doc. 5]. The Court rejects this argument because on October 5, 2021, the Court granted the government's Motion for Extension *Nunc Pro Tunc* and held the government's response was timely [Doc. 9].

[3] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). Petitioners possess the ultimate burden to sustain their claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (citations omitted). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

## I. Background[4]

In or between July 2013 and February 2014, petitioner purchased pseudoephedrine used for manufacturing methamphetamine, and he manufactured methamphetamine [Doc. 13 ¶ 3(c), (e)]. Ultimately, petitioner pleaded guilty to and the Court convicted him as to two counts of the indictment: (1) conspiracy to manufacture at least five grams of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B); and (2) possession of methamphetamine precursors in violation of 21 U.S.C. § 843(a)(6) [*Id.* ¶ 1; *see also* Doc. 32]. At sentencing in 2015, the Court applied the career offender enhancement under U.S.S.G. § 4B1.1(b)(1) based on petitioner's prior convictions for manufacturing a schedule II controlled substance, initiating process with intent to manufacture methamphetamine, and possession of a schedule II controlled substance with intent [Doc. 20 ¶¶ 28, 44, 51, 73; Doc. 33 p. 1]. Thus, the Court sentenced petitioner to an aggregate term of 176 months of imprisonment [Doc. 32]. In his plea agreement, petitioner waived his right to collaterally attack his conviction and sentence on grounds other than ineffective assistance of counsel or prosecutorial misconduct [Doc. 13 ¶ 9(b)].

On May 4, 2021, petitioner filed the instant § 2255 motion [No. 3:21-CV-171-TAV-HBG-1 Doc. 1].

## II. Analysis

The Court must vacate, set aside, or correct a prisoner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not

---

[4] Citations in this Part refer to petitioner's criminal case unless otherwise noted.

authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack[] . . . ." 28 U.S.C. § 2255(b). To obtain relief under § 2255 because of a constitutional error, the error must be one of "constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

The petitioner has the burden to prove he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). The petitioner "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Particularly, the petitioner must demonstrate a "'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998) (citation omitted). The Court notes that petitioner is acting pro se. "It is . . . well-settled that '[t]he allegations of a pro se habeas petition . . . are entitled to a liberal construction . . . .'" *Porter v. Genovese*, 676 F. App'x 428, 440 (6th Cir. 2017) (alteration in original). Therefore, the Court will liberally construe petitioner's motion.

Petitioner's motion presents arguments that counsel was ineffective, and these claims are cognizable under § 2255. *See Massaro v. United States*, 538 U.S. 500, 508–09 (2003). A petitioner alleging ineffective assistance of counsel must satisfy the two-part

3

test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the petitioner must identify specific acts or omissions to prove that counsel's performance was deficient as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and the petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003) (citations omitted); *see also Strickland*, 466 U.S. at 689 (providing that a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance").

Second, a petitioner must establish "a reasonable probability that, but for counsel's [deficient acts or omissions], the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). Because a petitioner "must satisfy *both* prongs [of *Strickland*], the inability to prove either one of the prongs—regardless of which one—relieves the reviewing court of any duty to consider the other." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (en banc) (citation omitted).

Petitioner avers counsel was ineffective for two reasons: (1) counsel failed to challenge his career offender enhancement in light of *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc); and (2) counsel failed to challenge his conviction for possession

4

of methamphetamine precursors in light of *United States v. Rehaif*, 139 S. Ct. 2191 (2019).[5]
As discussed below, the Court rejects both of these arguments.[6]

### A. *Havis*

Petitioner argues counsel was ineffective for not challenging application of the career offender enhancement in light of *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc) [Doc. 1 p. 11]. Specifically, petitioner avers the Court should not have utilized his prior convictions for initiating process with intent to manufacture methamphetamine and possession of a schedule II controlled substance with intent to apply the career offender enhancement because those offenses are attempt offenses [*Id.* at 11–12].

---

[5] The government interprets petitioner's motion to set forth both: (1) direct challenges to petitioner's convictions on these bases; and (2) separate ineffective assistance of counsel challenges due to counsel's failure to raise these bases [*See* Doc. 8]. The government's interpretation is likely due to the fact that petitioner's motion asserts three "grounds" for relief: (1) his *Havis* argument; (2) his *Rehaif* argument; and (3) his ineffective assistance of counsel argument, which simply states, "[p]er the arguments listed above in grounds 1 [and] 2, I am . . . unconstitutionally convicted [and/or] sentence[d] due to ineffective assistance" of counsel [Doc. 1 p. 14].

While not entirely clear, it appears to the Court that in using this language, petitioner intended to assert only ineffective assistance of counsel claims based on his *Havis* and *Rehaif* arguments [*See also* Doc. 1 pp. 4–7, 14 (stating that ineffective assistance of counsel caused petitioner not to bring his challenges sooner)]. Thus, the Court construes petitioner's motion as presenting only ineffective assistance of counsel challenges (rather than both ineffective assistance of counsel challenges and direct claims on the same bases). *See Porter v. Genovese*, 676 F. App'x 428, 440 (6th Cir. 2017) ("It is . . . well-settled that '[t]he allegations of a pro se habeas petition . . . are entitled to a liberal construction . . . .'" (alteration in original)).

To the extent petitioner intended to raise direct claims as well, the Court rejects those claims because petitioner waived them via his collateral attack waiver. *See Slusser v. United States*, 895 F.3d 437, 439–40 (6th Cir. 2018); *Prather v. United States*, Nos. 3:19-CV-127, 3:17-CR-132, 2021 WL 1721848, at *4 (E.D. Tenn. Apr. 30, 2021) (holding a petitioner waived a *Rehaif* claim under similar circumstances).

[6] Because the Court independently finds petitioner is not entitled to relief for the reasons below, the Court abstains from addressing the government's argument as to the timeliness of petitioner's motion [*See* Doc. 8 pp. 3–4].

5

In 2019, the Sixth Circuit sitting en banc in *United States v. Havis* held U.S.S.G. § 4B1.2(b)'s definition of a "controlled substance offense" does not include attempt crimes and therefore attempt crimes do not serve as predicate offenses for the career offender enhancement. 927 F.3d at 387. The Sixth Circuit noted § 4B1.2(b) Application Note 1 states that an attempt crime qualifies as a "controlled substance offense." *Id.* at 385 (citing U.S.S.G. § 4B1.2(b) cmt. n.1). However, the Sixth Circuit also noted the plain language of § 4B1.2(b) itself does not include attempt crimes. *Id.* (citing U.S.S.G. § 4B1.2(b)). The Sixth Circuit concluded the Sentencing Commission could not effectively amend the language of § 4B1.2(b) through the commentary, and therefore, the Commission's use of the commentary to alter the definition of a "controlled substance offense"—and thereby render attempt crimes predicate offenses—deserved no deference. *Id.* at 387. Instead, the text of § 4B1.2(b) itself controls. *Id.*

The Court finds that petitioner has not demonstrated deficient performance as to his *Havis* argument. True, *Havis* held that attempt crimes no longer serve as predicate offenses for the career offender enhancement. But the Court sentenced petitioner in 2015, well before the 2019 *Havis* decision, and counsel's failure to anticipate a change in the law is not constitutionally deficient performance. *See Alcorn v. Smith*, 781 F.2d 58, 62 (6th Cir. 1986) ("[E]rrors such as failure to perceive or anticipate a change in the law . . . cannot be considered ineffective assistance of counsel."); *Robinson v. United States*, 636 F. Supp. 2d 605, 613 (E.D. Mich. 2009) (holding that counsel was not constitutionally deficient in failing to anticipate the Supreme Court's ruling that the sentencing guidelines are not

6

mandatory). Petitioner does not suggest counsel should have anticipated *Havis* or the change of law *Havis* represents. Accordingly, petitioner has not met his burden to establish counsel's performance was constitutionally deficient, and the Court need not address whether petitioner has established prejudice.[7]

Therefore, petitioner's *Havis* claim will be **DENIED**.

B.   *Rehaif*

Petitioner next challenges his conviction under 21 U.S.C. § 843(a)(6) for possessing methamphetamine precursors in light of *United States v. Rehaif*, 139 S. Ct. 2191 (2019) [Doc. 1 p. 13]. In *Rehaif*, the Supreme Court held that to obtain a § 922(g) conviction, the government must prove that the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Thus, petitioner appears to argue counsel was ineffective for not arguing that *Rehaif* also applies to § 843(a)(6) convictions as well [Doc. 1 p. 13]. Specifically, petitioner avers § 843(a)(6) convictions are invalid because the statute does not require defendants to know they cannot possess methamphetamine precursors [*Id.* at 13–14].

The Court finds petitioner has failed to establish either deficient performance or prejudice. First, the Court sentenced petitioner in 2015, well before the 2019 *Rehaif* decision, and counsel's failure to anticipate *Rehaif* and make an analogous argument with

---

[7] Related to petitioner's *Havis* claim, petitioner argues the Court incorrectly considered one of his prior convictions to be a felony rather than a misdemeanor in applying the career offender enhancement [Doc. 1 p. 12]. The Court rejects this argument because the convictions at issue were indeed felonies [*See* No. 3:14-CR-88-TAV-HBG-1 Doc. 16-1].

7

respect to § 843(a)(6) is not constitutionally deficient performance. *See Alcorn v. Smith*, 781 F.2d 58, 62 (6th Cir. 1986) ("[E]rrors such as failure to perceive or anticipate a change in the law . . . cannot be considered ineffective assistance of counsel."); *Robinson v. United States*, 636 F. Supp. 2d 605, 613 (E.D. Mich. 2009) (holding that counsel was not constitutionally deficient in failing to anticipate the Supreme Court's ruling that the sentencing guidelines are not mandatory). Petitioner does not assert counsel should have anticipated *Rehaif* or the change of law *Rehaif* represents. Accordingly, petitioner has not established counsel's performance was constitutionally deficient. *See United States v. Combs*, Nos. 6:18-03-GFVT-MAS, 6:20-145-GFVT-MAS, 2021 WL 1419463, at *3 (E.D. Ky. Feb. 22, 2021) (citing *Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020)) (rejecting an ineffective assistance of counsel claim based on *Rehaif* for the same reasons).

What is more, the Court finds petitioner has not demonstrated prejudice. This is so because petitioner provides no explanation regarding how petitioner's failure to raise a *Rehaif*-analogous argument would have changed the outcome. Petitioner does allege "[p]rejudice is presumed when counsel is ineffective" and cites citing *United States v. Cronic*, 466 U.S. 648 (1984) [Doc. 1 p. 14]. However, under *Cronic*, prejudice is presumed only in unique circumstances not applicable here. *See Hudgins v. Boyd*, No. 3:21-CV-157-CEA-DCP, 2021 WL 4927999, at *5 n.2 (E.D. Tenn. Oct. 21, 2021) (discussing *Cronic*).

Therefore, petitioner's *Rehaif* claim will be **DENIED**.

8

### III. Conclusion

For the foregoing reasons, petitioner is not entitled to relief under 28 U.S.C. § 2255, so his motion to vacate, set aside, or correct his sentence [Doc. 1] will be **DENIED**. Therefore, this action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Moreover, because petitioner has not made a substantial showing of the denial of a constitutional right and jurists of reason would not dispute the above conclusions, a certificate of appealability **SHALL NOT ISSUE**. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A separate order will enter.

ENTER:

                                      s/ Thomas A. Varlan
                                      UNITED STATES DISTRICT JUDGE