UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:14-CR-88-TAV-HBG-1 |
| | ) | |
| DAVID NEAL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on defendant's counseled motion for compassionate release [Doc. 47]. The government responded in opposition [Doc. 51], and defendant replied [Doc. 53]. For the reasons set forth below, defendant's motion [Doc. 47] will be **DENIED**.

**I.   Background**

On September 30, 2014, defendant pleaded guilty of conspiracy to manufacture five grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) (Count One); and possession of methamphetamine precursors, in violation of 21 U.S.C. § 843(a)(6) (Count Two) [Docs. 13, 18]. The Court sentenced defendant to a term of 176 months' imprisonment, followed by eight years of supervised release [Doc. 32]. According to the Bureau of Prisons' ("BOP") website, defendant is currently scheduled for release on April 2, 2029.   Inmate Locator, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/ (accessed Apr. 11, 2025).

## II. Legal Standard

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the BOP. Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id*. Defendant seeks relief under a § 3582(c)(1)(A)(i) motion [Doc. 47].

2

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted). In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting such a motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### III. Analysis

#### A. Exhaustion

The Court first examines whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a compassionate release request on the merits. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 583 U.S. 17, 20 (2017)). The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture. *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

3

In this case, defendant represents that he sought compassionate release from the BOP based on his medical conditions and family circumstances [Doc. 47, p. 2] prior to filing the instant motion. However, the government contends that defendant failed to submit the entirety of his instant request to the warden of his facility and has not satisfied the exhaustion requirement [Doc. 51, p. 3]. In support, it attaches a copy of defendant's initial request in which he does not indicate a medical circumstance warranting release but rather selected "other circumstances" [Doc. 51-2, p. 1]. In his brief description of the bases warranting relief, defendant appears to cite U.S.S.G. §§ 1B1.13(b)(5), (b)(6), (c), (d), and (e) [*Id*.], but does not cite the provision addressing medical circumstances, § 1B1.13(b)(1). In her response to defendant's request, the warden cited his failure to "provide supporting documentation" and to "specifically cite" applicable policy statement provisions as grounds for denial [Doc. 51-3, p. 1]. Defendant appears to acknowledge in reply that at least some of his instant motion was not previously exhausted, but he reiterates that family circumstances were properly presented to the warden [Doc. 53, p. 1].

Upon careful review of defendant's initial request and his instant motion, the Court finds that he exhausted the family circumstances argument but failed to exhaust the medical circumstances argument. Given that defendant did not describe or invoke medical circumstances in his initial request, the Court cannot overlook what the United States Court of Appeals for the Sixth Circuit has described as "a 'glaring roadblock foreclosing compassionate release.'" *United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020) (quoting *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)). Indeed, as the Sixth Circuit made clear in *Alam*, "[n]othing in § 3582(c)(1)(A) suggests the possibility of judge-made

4

exceptions," "[b]ecause 'Congress sets the rules' when it comes to statutory exhaustion requirements." *Id*. at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chicago*, 583 U.S. 17, 19 (2017)).

Thus, the Court may not proceed to the merits of defendant's medical claims because he has not satisfied the mandatory exhaustion requirement contained in § 3582(c)(1)(A). However, the Court will evaluate the remainder defendant's motion according to the three-step test explained above.

### B. Extraordinary and Compelling Reasons

Turning to whether defendant has set forth extraordinary and compelling grounds for relief, the Court first notes that the Sixth Circuit previously held that "[i]n cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement of § 1B1.13." *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). This was so because the applicable policy statement, United States Sentencing Guideline § 1B1.13, as written at the time, did not contemplate inmate-filed motions for compassionate release, but instead, was limited to circumstances where the Bureau of Prisons filed a motion on an inmate's behalf. *Id.* at 1109–10; *see also* U.S.S.G. § 1B1.13 (2018).

However, the Sentencing Commission amended the policy statement in § 1B1.13, effective November 1, 2023, to encompass inmate-filed motions for compassionate release. U.S.S.G. § 1B1.13 (2023). It thus appears that the Sixth Circuit's prior ruling that § 1B1.13 is not an applicable policy statement to inmate-filed motions for compassionate release is

5

no longer consistent with the Guidelines. *See United States v. Nash*, No. 23-3635, 2024 WL 1979067, at *3 (6th Cir. Apr. 30, 2024) (noting the amendment to § 1B1.13 and stating that "prior to [the date of amendment], no guideline policy statement applied to compassionate-release motions brought by defendants, and a district court could deny a defendant-filed motion without reference to any policy statement); *see also United States v. Ringgold*, No. ELH-17-232, 2023 WL 7410895, at *5–6 (D. Md. Nov. 8, 2023) ("[I]t appears that the Fourth Circuit's conclusion in *McCoy*, 981 F.3d at 281, to the effect that '§ 1B1.13 is not an 'applicable' policy statement,' is no longer consistent with the Guidelines. This is because the Policy Statement is now expressly applicable to defendant-filed motions pursuant to 18 U.S.C. § 3582(c)(1)(A).") However, "[t]he new policy statement largely preserves the discretion district courts held to consider any extraordinary and compelling reason for release." *United States v. Davis*, No. 3:20-cr-16, 2023 WL 7356579, at *2 (W.D. N.C. Nov. 7, 2023).

As amended, § 1B1.13(b) states that "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof," and discusses when the medical circumstances of the defendant, the age of the defendant, the family circumstances of the defendant, the defendant's victimization in custody, and other reasons may constitute extraordinary circumstances. U.S.S.G. § 1B1.13(b)(1)–(6). Here, defendant cites the following as extraordinary and compelling grounds warranting his release: chronic medical conditions (e.g., rapid loss of blood pressure) and his mother's medical circumstances [Doc. 47, pp. 5–6]. Having determined that only defendant's family

circumstances argument may proceed as properly exhausted, the Court now turns to that provision of the policy statement.

The amended policy statement provides that the following may be extraordinary and compelling reasons for release:

> (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
>
> (B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
>
> (D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, "immediate family member" refers to any of the individuals listed in paragraphs (3)(A) through 3(C) as well as a . . . sibling of the defendant.

U.S.S.G. § 1B1.13(b)(3).

In his motion, defendant submits that his mother is suffering from thyroid disease and lung cancer and has recently undergone extensive surgeries [Doc. 47, p. 6]. He represents that he is the only available caretaker for his mother as his stepfather is no longer able to care for her given his old age and medical challenges [*Id.*].

The government argues in response that defendant has "provided no documentation whatsoever" to substantiate his claim that his mother is incapacitated [Doc. 51, p. 6].

7

Additionally, it contends that defendant's stated intent to assist with his stepfather's rental property business "implies that his mother does not require full-time care" [*Id.*].

Defendant states in reply that his proffer to the Court should suffice and "[h]e's not just making it up for the sake of release" [Doc. 53, p. 2]. He also argues that supporting his mother and stepfather are not mutually exclusive activities [*Id.*].

Defendant has not established that the foregoing circumstances are extraordinary and a compelling reason warranting relief. As the government notes, while defendant's mother appears to face a number of medical challenges, defendant has not demonstrated that she is "incapacitated" within the meaning of the term contained in § 1B1.13(b)(3). "Incapacitation" within the meaning of § 1B1.13(b)(3) typically means that the individual is "completely disabled" and "cannot carry on any self-care" or "is totally confined to a bed or chair." *See United States v. Steele*, No. 1:20-CR-13-4, 2024 WL 1928945, at *3 (S.D. Ohio May 1, 2024) (quoting *United States v. Jones*, No. CR 13-252, 2021 WL 1060218, at *10 (W.D. Pa. Mar. 18, 2021)). Additionally/alternatively, he has not demonstrated that he is the only available caregiver to her. *See United States v. Evans*, No. 1:21-CR-20086, 2024 WL 4906059, at *2 (E.D. Mich. Nov. 27, 2024) (denying family circumstances basis for compassionate release where defendant provided inadequate substantiation of mother's incapacitation and/or defendant's role as sole caregiver).

Defendant's family circumstances, pursuant to U.S.S.G. § 1B1.13(b)(3), do not rise to the level of an extraordinary and compelling reason warranting compassionate release. Therefore, the Court need not reach the third step under § 3582(c)(1)(A)(i). Accordingly, his motion [Doc. 47] is **DENIED**.

8

## IV. Conclusion

For the reasons set forth above, defendant's motion [Doc. 47] is **DENIED.**

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE